UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9790 GHK(JC)<br>CV 11-9792 GHK(JCx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | Geneva Reese, et al. v. City of Los Angeles, et al.<br>Katherine Knox-Davies, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**        (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY THESE TWO ACTIONS SHOULD NOT BE CONSOLIDATED**

On November 28, 2011, plaintiffs Geneva Reese, Summer Reese, Edward Cotton, Michael Lemmon, Carlos Marroquin, Susan Lomas and Emilio Aguirre, all of whom are involved in Occupy LA and are proceeding *pro se*, filed a Complaint asserting federal civil rights claims under Title 42, United States Code, section 1983 ("Section 1983") against the City of Los Angeles, Mayor Antonio Villaraigosa, Los Angeles Police Department ("LAPD") Chief Charlie Beck and LAPD Deputy Chief Jose Perez, Jr., in Case No. 11-9790 (the "First Occupy LA Action").[1]  The First Occupy LA Action asserts that defendants have violated the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and, more specifically, challenges the constitutionality of defendants' actions in threatening to eject plaintiffs from the public park adjoining City Hall and applying Los Angeles Municipal Code ("LAMC") § 63.44 to them.  Plaintiffs primarily seek injunctive and declaratory relief.

On November 28, 2011, plaintiffs Katherine Knox-Davies, Jesse Dotson, Matt Ward, Mario Brito and James Lafferty, all of whom are involved in Occupy LA and are represented by counsel, filed a Complaint asserting federal civil rights claims under Section 1983 and a California constitutional claim against the City of Los Angeles, Mayor Antonio Villaraigosa and LAPD Chief Charlie Beck in Case No. 11-9792 (the "Second Occupy LA Action").  The Second Occupy LA Action asserts that defendants have violated the First and Fourteenth Amendments of the United States Constitution and

---

[1]The Court notes that although named as plaintiffs in the First Occupy LA Action, Carlo Marroquin, Susan Lomas and Emilio Aguirre have not signed the Complaint as required, rendering the Complaint subject to dismissal to the extent pursued on their behalf.  See Local Rules 1-3, 11-1, 83-2.10.3.  The Court further notes that even though the Complaint is captioned as one involving a Class Action, a plaintiff proceeding *pro se* may not represent anyone other than himself/herself.  See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876-77 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9790 GHK(JC)<br>CV 11-9792 GHK(JCx) | Date | December 12, 2011 |
|---|---|---|---|
| Title | Geneva Reese, et al. v. City of Los Angeles, et al.<br>Katherine Knox-Davies, et al. v. City of Los Angeles, et al. | | |

Article I, Sections 2, 7 and 13 of the California Constitution and, more specifically, challenges the constitutionality of defendants' actions in threatening to eject plaintiffs from the south lawn of City Hall, applying LAMC § 63.44 to them, and revoking the City Council's grant of permission to plaintiffs to engage in peaceful assembly on the south lawn of City Hall. Plaintiffs primarily seek injunctive and declaratory relief.

Pursuant to Fed. R. Civ. P. 42(a), the Court may consolidate actions before it which involve common questions of law or fact. See Investors Research Co. v. United States District Court, 877 F.2d 777, 777 (9th Cir. 1989). It may also consolidate two actions even if there is not a strict identity of claims or parties. See Amador v. Logistics Express, Inc., 2010 WL 3489038, *1 (C.D. Cal. Aug. 27, 2010). Consolidation may be ordered on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977). Consolidation is not dependent on party approval. Id. In determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc. v. Triple A. Machine Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989). Here, a weighing of these factors appears to favor consolidation of the First Occupy LA and the Second Occupy LA Action.

IT IS THEREFORE ORDERED:

1. Counsel for plaintiffs or plaintiffs if appearing *pro se*, are ordered to serve a copy of this Order on defendants at the earliest possible time. Counsel, or any party required to give notice of this Order, shall file proof of service of such notice within 48 hours of the service of such notice.

2. Within fourteen (14) days, plaintiffs shall show cause why these two actions should not be consolidated for all purposes. If plaintiffs do not oppose consolidation, they may instead file a Notice of Non-Opposition to Consolidation by the foregoing deadline.

3. Within fourteen (14) days of service of this notice upon a defendant, such defendant shall show cause why these two actions should not be consolidated for all purposes. If a defendant does not oppose consolidation, such defendant may instead file a Notice of Non-Opposition to Consolidation by the foregoing deadline.

IT IS SO ORDERED.

| | Initials of<br>Deputy Clerk | hr |
|---|---|---|